**JAMES HAWKINS, APLC**
JAMES R. HAWKINS (State Bar No. 192925)
James@jameshawkinsaplc.com
SAMANTHA A. SMITH (State Bar No. 233331)
Samantha@jameshawkinsaplc.com
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile:  (949) 387-6676

Attorneys for Plaintiff Marie DeMartini, individually
and on behalf of all others similarly situated

*Additional Counsel Listed on Following Page*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE DEMARTINI and WILLIE AUSTIN, JR., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SAFELITE FULFILLMENT, INC. dba SAFELITE AUTO GLASS, an Ohio Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 20-cv-05952-MMC<br><br>[Consolidated with Case No. 3:21-CV-00191-MMC]<br><br>Assigned for All Purposes to:<br>Judge Maxine Chesney<br>Courtroom 4<br><br>**CONSOLIDATED CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Lawful Wages;<br>2. Failure to Provide Meal Periods;<br>3. Failure to Authorize or Permit Rest Periods;<br>4. Failure to Reimburse Employees for Required Expenses;<br>5. Failure to Pay Wages Upon Separation of Employment and Within the Required Time;<br>6. Failure to Furnish Accurate Wage Statements; and<br>7. Violation of California Business and Professions Code §§ 17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar No. 068687)
Kyle R. Nordrehaug (State Bar No. 205975)
Aparajit Bhowmik (State Bar No. 248066)
Nicholas J. De Blouw (State Bar No. 280922)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232
E-Mail: norm@bamlawca.com

Attorneys for Plaintiff Willie Austin Jr., individually
and on behalf of all others similarly situated

Plaintiffs Marie DeMartini and Willie Austin, Jr. (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, allege as follows:

## I. NATURE OF ACTION AND INTRODUCTORY STATEMENT

1. The purpose of this Consolidated Complaint is to combine herein the allegations, violations, and causes of action set forth in the operative complaint in the instant *DeMartini* action (the "*DeMartini* Action") and *Willie Austin Jr., v. Safelite Fulfillment, Inc.* (the "*Austin* Action")*,* Case No. 3:21-CV-00191-MMC, also before this court.

2. Plaintiffs bring this class action, pursuant to California Code of Civil Procedure section 382, on behalf of Plaintiffs and non-exempt employees employed, or formerly employed, within the State of California by Safelite Fulfillment, Inc. dba Safelite Auto Glass, and any subsidiaries or affiliated companies (hereinafter, along with DOES 1 through 10, collectively referred to as "Safelite" or "Defendants").

3. Safelite operates auto glass repair facilities and mobile glass repairs throughout the State of California.

4. Through this action, Plaintiffs are alleging that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

5. Plaintiffs are informed and believe, and thereon allege, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

(a)    Failing to pay all lawful wages owed, including minimum wages and overtime wages;

(b)    Failing to authorize or permit lawful meal periods or compensation in lieu thereof,

(c)    Failing to authorize or permit lawful rest periods or provide compensation in lieu thereof;

(d)    Failing to reimburse employees for required expenses;

1

(e)     Willfully failing to provide accurate semi-monthly itemized wage statements; and

(f)     Failing to pay all wages due upon separation of employment.

6.     Plaintiffs bring this lawsuit seeking monetary relief against Defendants on behalf of themselves and all others similarly situated to recover, among other things, unpaid meal period compensation, unpaid rest period compensation, interest, attorneys' fees, costs, expenses and penalties pursuant to Labor Code §§ 201-204, 210, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, and 2802.

7.     Plaintiffs, on behalf of themselves and all class members, pursuant to Business and Professions Code sections 17200, *et seq*, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this complaint.

## II.   JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over Plaintiffs' complaint, as Defendants have removed this action to the Northern District of California, on diversity grounds pursuant to 28 USC §§ 1332, 1441, 1446.

9.     Venue is proper in the Northern District of California as this case was removed from the Superior Court of Marin County. In addition, pursuant to 28 U.S.C. § 1391, venue is proper because Defendant is a corporation that (i) is subject to personal jurisdiction in this District, and, therefore, resides in this District and/or (ii) committed the wrongful conduct against certain members of the Class in this District.

## III.   THE PARTIES

10.     Plaintiff Marie DeMartini is a resident of California. Plaintiff was employed by Defendants from approximately November 2019 through approximately September 2020 in California. Plaintiff was employed as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages for all time worked.

11.     Plaintiff Willie Austin Jr. has been employed by Defendant in California since April of 2016 and has been at all times classified by Defendant as a non-exempt employee, paid on an

**CONSOLIDATED CLASS ACTION COMPLAINT**

1 | hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and
2 | overtime wages due for all time worked.

3 |     12.    Defendant Safelite operates auto glass repair facilities and mobile glass repairs
4 | throughout the state of California, including Marin and San Francisco Counties.  The unlawful acts
5 | alleged herein have a direct effect on Plaintiffs and those similarly situated within the state of
6 | California and Marin and San Francisco Counties.

7 |     13.    Plaintiffs are informed and believe, and thereon allege, that Defendants at all times
8 | hereinafter mentioned, were and are employers as defined in and subject to the Labor Code and IWC
9 | Wage Orders, whose employees were and are engaged throughout these counties and the State of
10 | California.

11 |     14.    Plaintiffs are unaware of the true names or capacities of the defendants sued herein
12 | under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend this
13 | complaint and serve such fictitiously named defendants once their names and capacities become
14 | known.

15 |     15.    Plaintiffs are informed and believe, and based thereon allege, that each defendant
16 | acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint
17 | scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are
18 | legally attributable to the other defendant. Furthermore, defendants in all respects acted as the
19 | employer and/or joint employer of Plaintiffs and the class members.

20 |     16.    Plaintiffs are informed and believe, and thereon allege, that each and all of the acts
21 | and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1
22 | through 10, acting as the agent or alter ego for the other, with legal authority to act on the other's
23 | behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy
24 | of Defendants.

25 |     17.    At all relevant times, Defendants, and each of them, acted within the scope of such
26 | agency or employment, or ratified each and every act or omission complained of herein. At all
27 | relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and
28 | all the other Defendants in proximately causing the damages herein alleged.

**CONSOLIDATED CLASS ACTION COMPLAINT**

18.     Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## IV.     CLASS ACTION ALLEGATIONS

19.     Plaintiffs bring this action under Federal Rule of Civil Procedure Rule 23 (hereinafter "Rule 23") on behalf of themselves and all other members of the general public similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

20.     All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

21.     Plaintiffs' proposed Class consists of and is defined as follows:

> All persons currently or formerly employed as non-exempt employees by Defendants in the State of California within four years prior to the filing of this action to the present.

22.     Plaintiff DeMartini also seeks to certify the following Subclass:

> Waiting Time Subclass

> All members of the Class who separated their employment from Defendants within three years prior to the filing of this action to the present.

23.     Members of the Class and Subclass described above will collectively be referred to as "class members." Plaintiffs reserve the right to establish other or additional subclasses, or modify any Class or Subclass definition, as appropriate based on investigation, discovery and specific theories of liability.

24.     This action has been brought and may properly be maintained as a class action under the Rule 23 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

> a.     Whether Defendants paid Plaintiffs and class members all lawful wages owed, including minimum wages and overtime wages;

> b.     Whether Defendants deprived Plaintiffs and class members of timely meal periods;

c.      Whether Defendants deprived Plaintiffs and class members of rest breaks or required Plaintiffs and class members to work through rest breaks;

d.      Whether Defendants failed to properly reimburse Plaintiffs and class members for business expenses;

e.      Whether Defendants failed to timely pay Plaintiff DeMartini and Waiting Time Subclass Members all wages due upon termination or within 72 hours of resignation;

f.      Whether Defendants failed to furnish Plaintiffs and class members with accurate wage statements; and

g.      Whether Defendants engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

25.     There is a well-defined community of interest in the litigation and the Class is readily ascertainable.

a.      <u>Numerosity</u>:  The members of the Class are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiffs at this time, on information and belief, the Class is estimated to be greater than 100 individuals. The identity of the class members are readily ascertainable by inspection of Defendants' employment and payroll records.

b.      <u>Typicality</u>:  The claims (or defenses, if any) of Plaintiffs are typical of the claims (or defenses, if any) of the Class because Defendants' failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief. The injuries sustained by Plaintiffs are also typical of the injuries sustained by the Class because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

c.      <u>Adequacy</u>: Plaintiffs are qualified to, and will, fairly and adequately represent and protect the interests of all members of the Class because it is in their best interests to prosecute the claims alleged herein to obtain full compensation

CONSOLIDATED CLASS ACTION COMPLAINT

and penalties due them and the Class. Plaintiffs' attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification and settlement. Plaintiffs have incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

    d.    <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class. If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

    e.    <u>Public Policy Considerations</u>: Employers in the State of California and other states violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

## V.    <u>GENERAL ALLEGATIONS</u>

26.    At all relevant times mentioned herein, Defendants employed Plaintiffs and other persons as non-exempt, hourly employees.

27.    Plaintiffs were employed in a non-exempt position at Defendants' California business location(s).

6

28.     Defendants continue to employ non-exempt employees within California.

29.     Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendants were advised by skilled lawyers, employees and other professionals who were knowledgeable about California wage and hour law, employment and personnel practices and the requirements of California.

30.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to payment of overtime wages at a rate of one-and-one-half times their "regular rate of pay." Plaintiffs and class members were compensated at an hourly rate plus incentive pay that is tied to specific elements of an employee's performance. The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employee met the various performance goals set by Defendants; however, when calculating the regular rate of pay for overtime payments to Plaintiffs and other class members, Defendants failed to include the incentive compensation as a part of the employees' "regular rate of pay" for purposes of calculating overtime pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by Plaintiffs and the class members must be included in the "regular rate of pay." The failure to do so has resulted in an underpayment of overtime compensation to Plaintiff and other class members by Defendant.

31.     Plaintiffs are informed and believe, and thereon allege, that Defendants required Plaintiffs and the class members to work without paying them for all the time they were under Defendants' control.  Pursuant to the Industrial Welfare Commission Wage Orders, Defendants were required to pay Plaintiffs and the class members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. Plaintiffs and the class members performed work for which they were not compensated for.  For example, prior to clocking in for a shift, Plaintiff Austin and other class members were required to put on their work uniforms and protective gear, including safety vest, goggles, and gloves. Plaintiff Austin and other class members were not paid for their work time putting on their work gear. Plaintiff Austin and other class members were also required to remove

their work gear after their scheduled stop times at the end of their scheduled shifts. Plaintiff Austin and the class members were not paid for time donning and doffing their work gear because Plaintiff Austin and the class members were not paid until they were wearing their work uniforms and protective gear at which point Plaintiff Austin and other class members were permitted to clock into Defendants' timekeeping system. In addition, Plaintiffs and the class members would clock out of Defendants' timekeeping system, in order to perform additional work for Defendants as required to meet Defendants' job requirements. Specifically, during the relevant time period, Defendants engaged in the practice of requiring Plaintiffs and the class members to perform work off the clock after clocking out in that Defendants, as a condition of employment, requires these employees from time to time to wait for and submit to loss prevention inspections after clocking out at the end of each scheduled shift for which Defendants do not provide compensation for time spent waiting for and submitting to Defendants' loss prevention inspections off the clock. As a result, Plaintiffs and other class members forfeit minimum wage, overtime wage compensation, and meal break wages, by working without their time being correctly recorded and without compensation at the applicable rates. Defendants' policy and practice not to pay Plaintiffs and other class members for all time worked, is evidenced by Defendants' business records.

32.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' and class members' regular rate of pay when they did not receive one timely, uninterrupted meal period when working more than five hours and a second timely, uninterrupted meal period when working more than ten hours. Defendants failed to provide these lawful meal periods to class members. These failures include, but are not limited to, failing to provide the first meal periods within the first five hours of work and failing to provide second meal periods for shifts of longer than ten hours.

33.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive all rest breaks or payment of one additional hour of pay at Plaintiffs and class members' regular rate of pay when a rest break was missed. In violation of the Labor Code and IWC Wage Orders, Plaintiffs and class

members did not receive all rest breaks or payment of one additional hour of pay at Plaintiffs and class members' regular rate of pay when a rest break was missed. Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work-related duties and free from employer control.  In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period. Employers cannot impose controls that prohibit an employee from taking a brief walk (five minutes out, five minutes back). Here, Defendants' policy restricts Plaintiffs and class members from unconstrained walks and is unlawful based on Defendant's rule, which states Plaintiffs and class members cannot leave the work premises during their rest period.

34.    Despite the above-mentioned meal period and rest break violations, Defendants did not compensate Plaintiffs, and on information and belief, did not compensate class members, one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful meal periods and rest breaks were not authorized and permitted. As a result, Plaintiffs and class members were not paid all lawful wages owed (including overtime wages). Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive all lawful wages owed yet failed to do so in violation of the Labor Code and IWC Wage Orders.

35.    Furthermore, Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to reimbursement for all required business expenses incurred by Plaintiffs and class members in direct consequence of discharging of their duties on behalf of Defendants. In the course of their employment, Plaintiffs and class members were required to use their own personal cell phones as a result of and in furtherance of their job duties as employees for Defendants but are not reimbursed or indemnified by Defendants for the cost associated with use of their personal cell phones for Defendants' benefits.

CONSOLIDATED CLASS ACTION COMPLAINT

36.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to timely payment of wages during their employment. In violation of the California Labor Code, Plaintiffs and class members did not receive payment of all wages including, but not limited to, compensation for meal period violations and rest period violations, within permissible time periods.

37.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiff DeMartini and Waiting Time Subclass Members were entitled to timely payment of wages upon separation of employment. In violation of the California Labor Code, Plaintiff DeMartini and Waiting Time Subclass Members did not receive payment of all wages including, but not limited to, compensation for meal period violations and compensation for rest period violations, upon separation of their employment with Defendants.

38.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive complete and accurate wage statements in accordance with California law. In violation of the California Labor Code, Plaintiffs and class members were not furnished with complete and accurate wage statements showing their accurate gross and net wages, among other things.

39.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known they had a duty to compensate Plaintiffs and class members, and Defendants had the financial ability to pay such compensation but willfully, knowingly and intentionally failed to do so all in order to increase Defendants' profits.

40.    Therefore, Plaintiffs bring this lawsuit seeking monetary and injunctive relief against Defendants on behalf of themselves and all class members to recover, among other things, unpaid meal period premium payments, unpaid rest period premium payments, interest, attorneys' fees, penalties, costs and expenses.

**CONSOLIDATED CLASS ACTION COMPLAINT**

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY ALL LAWFUL WAGES OWED**

**(Violations of Lab. Code §§ 510, 1194, 1197, 1197.1, 1199)**

**(Against All Defendants)**

41.     Plaintiffs hereby incorporate all previous paragraphs of this complaint as though fully set forth herein.

42.     At all times relevant, the IWC wage orders applicable to Plaintiffs' and the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

43.     At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons acting individually as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties pursuant to Section 203…"

44.     At all times relevant, Plaintiffs and class members regularly performed non-exempt work and thus were subject to the overtime and minimum wage requirements of the IWC Wage Orders, CCR § 11000, *et. seq*. and the Labor Code.

45.     As discussed herein, Defendants did not compensate Plaintiffs and class members one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful meal periods and rest breaks were not authorized and permitted. As a result, Plaintiffs and class members were not paid all lawful wages, including minimum wages and overtime wages. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive all wages owed yet failed to do so.

11

46.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of compensation for all earned wages including minimum wage and/ or overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code section 1194.

47.    As a result of Defendants' failure to pay Plaintiffs and class members an additional hour of pay for each day a compliant meal period was not provided, Plaintiffs and class members suffered and continue to suffer a loss of wages and compensation.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

**(Violations of Labor Code §§ 226.7 and 512)**

**(Against All Defendants)**

48.    Plaintiffs hereby incorporate all previous paragraphs of this complaint as though fully set forth herein.

49.    Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

50.    Section 11 of the applicable IWC Wage Order states, "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

51.    Labor Code § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

52.    Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than

twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

53.    During the relevant time period, Plaintiffs and class members did not receive compliant meal periods for working more than five (5) and/or ten (10) hours per day because, among other things, Defendants did not provide the first meal periods within the first 5 hours of class members' shifts and did not provide second meal periods for shifts over 10 hours.

54.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that a compliant meal period is not provided.

55.    At all relevant times, Defendants failed to pay Plaintiffs and class members the full meal period premium for missed and untimely meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

56.    As a result of Defendants' failure to pay Plaintiffs and class members an additional hour of pay for each day a compliant meal period was not provided, Plaintiffs and class members suffered and continue to suffer a loss of wages and compensation.

### THIRD CAUSE OF ACTION

### FAILURE TO PERMIT REST PERIODS

### (Violations of Labor Code § 226.7)

### (Against All Defendants)

57.    Plaintiffs hereby incorporate all previous paragraphs of this complaint as though fully set forth herein.

58.    Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

59.    Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

60.    During the relevant time period, Plaintiffs and class members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked because they were required to work through their daily rest periods and/or were not authorized to take their rest periods.

61.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

62.    At all relevant times, Defendants failed to pay Plaintiffs and class members the full rest period premium for missed or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

63.    As a result of Defendants' failure to pay Plaintiffs and class members an additional hour of pay for each day a rest period was not provided, Plaintiffs and class members suffered and continue to suffer a loss of wages and compensation.

**FOURTH CAUSE OF ACTION**

**<u>FAILURE TO REMIBURSE FOR BUSINESS EXPENSES</u>**

**(Violation of Labor Code § 2802)**

**(Against All Defendants)**

64.    Plaintiffs hereby incorporate all previous paragraphs of this complaint as though fully set forth herein.

65.    Labor Code § 2802 requires employers to indemnify their employees for all necessary expenditures or losses incurred by employees in direct consequence of the discharge of their duties.

66.    During the relevant time period, Plaintiffs and class members incurred necessary business-related expenses that were not fully reimbursed by Defendants, including expenses associated with use of their personal cell phones.

67.    In violation of Labor Code § 2802, Defendants failed to indemnify Plaintiffs and class members for business-related expenses, such as expenses related to personal cell phone.

68.    In committing the violations as herein alleged, Defendants have intentionally and willfully failed to fully reimburse Plaintiffs and class members for necessary business-related costs

14

**CONSOLIDATED CLASS ACTION COMPLAINT**

and expenses.  As a direct result, Plaintiffs and class members have suffered (and in the case of those still employed by Defendants, continue to suffer) substantial losses.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES UPON SEPARATION OF EMPLOYMENT AND WITHIN**

**THE REQUIRED TIME**

**(Violations of Labor Code §§ 201, 202, 203 and 210)**

**(Against All Defendants)**

69.     Plaintiffs hereby incorporate all previous paragraphs of this complaint as though fully set forth herein.

70.     California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

71.     During the relevant time period, Defendants willfully failed to pay Plaintiff DeMartini and Waiting Time Subclass Members all their earned wages upon termination including, but not limited to, compensation for failure to provide compliant meal periods and permit compliant rest periods, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

72.     Defendants' failure to pay Plaintiff DeMartini and Waiting Time Subclass Members all their earned wages at the time or discharge or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

73.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed promptly upon discharge or resignation as required under California Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

15

1   74.     Defendants willfully failed to pay Plaintiff DeMartini and Waiting Time Subclass

2   Members all wages due and, as a result, owe Plaintiff DeMartini and Waiting Time Subclass

3   Members regular daily wages for each day they were not paid, at their regular rates of pay up to a

4   thirty (30) day maximum pursuant to California Labor Code § 203 all in an amount to be shown

5   according to proof at trial.

6   75.     Based on these violations, Plaintiff DeMartini and the Waiting Time Subclass she

7   seeks to represent request relief as described herein and below.

8   **SIXTH CAUSE OF ACTION**

9   **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**

10   **(Violation of Labor Code § 226)**

11   **(Against All Defendants)**

12   76.     Plaintiffs hereby incorporate all previous paragraphs of this complaint as though fully

13   set forth herein.

14   77.     California Labor Code § 226(a) requires employers to furnish their employees with

15   an accurate itemized writing that shows gross wages earned, total hours worked, all deductions, net

16   wages earned, the inclusive dates of the period for which the employee is paid, the name of the

17   employee and the portion of his or her social security number as required by law, the name and

18   address of the legal entity that is the employer and all applicable hourly rates in effect during the pay

19   period and the corresponding number of hours worked at each hourly rate by the employee.

20   78.     Defendants have intentionally and willfully failed to provide Plaintiffs and class

21   members with complete and accurate wage statements. The deficiencies include, among other things,

22   the failure to list the proper amount of the gross wages earned and net wages earned, due to the failure

23   to compensate class members for non-compliant meal periods and rest periods.

24   79.     As a result of Defendants' violation of California Labor Code § 226(a), Plaintiffs and

25   class members have suffered injury and damage to their statutorily protected rights. Specifically,

26   Plaintiffs and class members have been injured by Defendants' intentional violation of California

27   Labor Code § 226(a) because they were denied both their legal right to receive, and their protected

28   interest in receiving, accurate itemized wage statements under California Labor Code § 226(a).

Plaintiffs have had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiffs to incur expenses and lost time. Plaintiffs would not have had to engage in these efforts and incur these costs had Defendants provided the accurate wages earned. This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendants.

80.    California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorneys' fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

81.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiffs and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiffs and class members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

82.    Plaintiffs and class members are also entitled to injunctive relief under California Labor Code § 226(g), compelling Defendants to comply with California Labor Code § 226 and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

## SEVENTH CAUSE OF ACTION

## <u>UNFAIR BUSINESS PRACTICES</u>

### (Violation of Business and Professions Code §§ 17200 *et seq.*)

### (Against All Defendants)

83.    Plaintiffs hereby incorporate all previous paragraphs of this complaint as though fully set forth herein.

84.    California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

85.    A violation of California Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law. In the instant case, Defendants' policies and

practices have violated state law, causing Plaintiffs and class members to suffer and continue to suffer injuries in fact.  As alleged herein, Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to provide meal periods or compensation in lieu thereof, failing to permit rest periods or compensation in lieu thereof, failing to pay all wages due and owing upon separation of employment and in a timely manner, and failing to furnish accurate wage statements, all in order to decrease their costs of doing business and increase their profits.

86.     At all times relevant herein, Defendants intentionally avoided paying Plaintiffs and class members wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and/or gain a greater foothold in the marketplace.

87.     As a result of Defendants' conduct, Plaintiffs and class members suffered a loss of wages and monies, all in an amount to be shown according to proof at trial. By violating the foregoing statutes and regulations as herein alleged, Defendants' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, *et seq.*

88.     Defendants' violations of the California Labor Code and IWC Wage Orders and their scheme to lower their payroll costs as alleged herein, constitute unlawful business practices because they were done in a systematic manner over a period of time to the detriment of Plaintiffs and class members.

89.     As a result of the unfair business practices of Defendants, as alleged herein, Plaintiffs and class members are entitled to injunctive relief, disgorgement and restitution in an amount to be shown according to proof at trial.

90.     Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, class members and to the general public. Based on Defendants' conduct as alleged herein, Plaintiffs and class members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

CONSOLIDATED CLASS ACTION COMPLAINT

1
2                              **PRAYER FOR RELIEF**

3              WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for

4     judgment against Defendants as follows:

5              1.      For certification of the proposed Class and Waiting Time Subclass and any other

6     appropriate classes or subclasses under Rule 23;

7              2.      For appointment of Plaintiffs as the class representatives;

8              3.      For appointment of James Hawkins, APLC and Blumenthal Nordrehaug Bhowmik

9     De Blouw LLP as class counsel for all purposes;

10             4.      For general damages;

11             5.      For special damages;

12             6.      For statutory penalties to the extent permitted by law, including those pursuant to the

13    California Labor Code and IWC Wage Orders;

14             7.      For injunctive relief as provided by the California Labor Code and California

15    Business and Professions Code §§ 17200 *et seq.*;

16             8.      For restitution as provided by California Business and Professions Code §§ 17200, *et*

17    *seq.*;

18             9.      For an order requiring Defendants to restore and disgorge all funds to each employee

19    acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent

20    and, therefore, constituting unfair competition under California Business and Professions Code §§

21    17200 *et seq.*;

22             10.     For an award of damages in the amount of unpaid compensation;

23             11.     For pre-judgment interest;

24             12.     For reasonable attorneys' fees and costs of suit to the extent permitted by law;

25    California Code of Civil Procedure § 1021.5 and California Labor Code § 226(e);

26             13.     For such other relief as the Court deems just and proper.

27
28

**CONSOLIDATED CLASS ACTION COMPLAINT**

Dated: July 2, 2021                          **JAMES HAWKINS, APLC**

                                      By: _____
                                                    Samantha A. Smith
                                                  Attorneys for Plaintiffs


                              **<u>DEMAND FOR JURY TRIAL</u>**

        Plaintiffs hereby demand a jury trial with respect to all issues triable of right by jury.


Dated: July 2, 2021

                                             **JAMES HAWKINS, APLC**

                                      By: _____
                                                    Samantha A. Smith
                                                  Attorneys for Plaintiffs

---

**CONSOLIDATED CLASS ACTION COMPLAINT**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 2, 2021 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Northern District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: July 2, 2021                    */s/ Samantha Smith*
                                       Samantha Smith